

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,751-02

**EX PARTE JUAN DAMAS RODRIGUEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-4033 IN THE 106TH DISTRICT COURT
### FROM GAINES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and two counts of indecency with a child by contact. He was sentenced to thirty-five years' imprisonment in the aggravated sexual assault case and twenty years' imprisonment in each indecency with a child case. The Eleventh Court of Appeals affirmed his conviction. *Rodriguez v. State*, No. 11-11-00046-CR (Tex. App.—Eastland Feb. 14, 2013) (not designated for publication).

Applicant contends that both trial counsel and appellate counsel rendered ineffective

assistance. He alleges trial counsel's failure to fully advise him about the terms of a proposed plea bargain rendered his decision to reject the offer involuntary. He also alleges that trial counsel did not object to improper outcry witnesses. He alleges that appellate counsel did not notify him that rehearing was denied and that counsel would not be pursuing discretionary review. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims of ineffective assistance of trial and appellate counsel. The trial court shall make specific findings addressing whether trial counsel fully discussed all aspects of any proposed plea offers in timely fashion. The trial court shall also make findings addressing whether the alleged outcry testimony was objectionable and whether trial counsel made appropriate objections. The trial court shall make specific findings addressing whether appellate counsel appropriately advised Applicant of his right to file a pro-se petition for discretionary review, and whether he timely notified Applicant that rehearing had been denied. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish